**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL OYEDEJI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-4270 (SRC) |
| | : | |
| v. | : | |
| | : | **OPINION & ORDER** |
| HUDSON COUNTY et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint for failure to provide an affidavit of merit by Defendants Susan O'Brien, D.O. ("O'Brien") and Emergency Medical Associates. For the reasons stated below, the motion will be denied in part and granted in part.

Defendants argue that the Complaint should be dismissed against them because Plaintiff failed to file the affidavit of merit required by N.J. Stat. Ann. § 2A:53A-27. The docket shows that, on December 2, 2013, Plaintiff filed an affidavit of merit by Dr. Sixsmith, stating that the care provided to Plaintiff by Defendants Susan O'Brien, D.O. and Jersey City Medical Center fell outside of acceptable professional standards.

In their reply brief, Defendants object to the use of this affidavit of merit, on the ground that, they say, Plaintiff did not retain Dr. Sixsmith, and Dr. Sixsmith did not authorize this use of the affidavit. Even if that is true, Defendants point to no authority for the proposition that N.J. Stat. Ann. § 2A:53A-27 speaks to the issue of who retained the expert and what use the expert authorized. It appears to be undisputed that Dr. Sixsmith stated that Dr. O'Brien's treatment of

Plaintiff did not conform to professional medical standards. That is what N.J. Stat. Ann. § 2A:53A-27 requires. The requirements of the statute have been satisfied. Dr. O'Brien's motion to dismiss for failure to file an affidavit of merit will be denied.

Emergency Medical Associates is not mentioned in the affidavit of merit. Plaintiff argues in opposition, however, that the Amended Complaint alleges that Dr. O'Brien treated Plaintiff while working for Emergency Medical Associates, and that "Emergency Medical Associates is merely vicariously liable for Dr. O'Brien's negligence and no separate Affidavit of Merit is necessary." (Pl.'s Opp. 2.)

Plaintiff's argument is unpersuasive, for two reasons. First, the Amended Complaint does not limit its negligence claim against Emergency Medical Associates to a theory of vicarious liability – it also alleges a failure to train and supervise its employee, as well as a failure to implement policies and procedures related to the treatment Plaintiff received. The Amended Complaint does not limit its negligence claim to vicarious liability.

Second, Plaintiff cites no authority in support of the proposition that negligence claims founded on a theory of respondeat superior are exempt from N.J. Stat. Ann. § 2A:53A-27. There is nothing in the text of the statute that suggests that:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27. The New Jersey Supreme Court has created an exception for "common knowledge negligence cases:"

2

> [A] plaintiff is not required to file an affidavit of merit in a common knowledge malpractice case, a case in which jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts.  In a common knowledge case, whether a plaintiff's claim meets the threshold of merit can be determined on the face of the complaint. Because defendant's careless acts are quite obvious, a plaintiff need not present expert testimony at trial to establish the standard of care.  In other words, because the issue is not "peculiarly within the knowledge of a medical . . . practitioner," the case is treated as an ordinary negligence action in which a jury can determine without the aid of experts whether a defendant acted with reasonable care.

Palanque v. Lambert-Woolley, 774 A.2d 501, 506 (N.J. 2001).  Plaintiff does not argue that the action against Emergency Medical Associates falls within the scope of this exception, nor does this Court find that the alleged careless acts of Emergency Medical Associates are obvious from the face of the Complaint.

Plaintiff failed to file the affidavit of merit required by N.J. Stat. Ann. § 2A:53A-27 against Defendant Emergency Medical Associates.  The Amended Complaint names Emergency Medical Associates as a Defendant only in its negligence claims.  As to Emergency Medical Associates only, the motion to dismiss will be granted, and the Complaint against Defendant Emergency Medical Associates will be dismissed with prejudice.

For the reasons above,

**IT IS** on this 29th day of April, 2015,

**ORDERED** that the motion to dismiss for failure to provide an affidavit of merit (Docket Entry No. 77) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Defendant Susan O'Brien, the motion to dismiss is **DENIED**; and it is further

**ORDERED** that, as to Defendant Emergency Medical Associates, the motion to dismiss is **GRANTED**, and the Amended Complaint against Defendant Emergency Medical Associates

is **DISMISSED** with prejudice.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.