NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL OYEDEJI,<br><br>    Plaintiff,<br><br>v.<br><br>HUDSON COUNTY; HUDSON COUNTY CORRECTIONAL CENTER; OSCAR AVILES, individually and in his Official Capacity as Director of Corrections; John DOES numbered 1 - 5, Individually and in their Official Capacity, SUSAN O'BRIEN, D.O., LIBERTY HEALTHCARE SYSTEM, INC., d/b/a JERSEY CITY MEDICAL CENTER, JERSEY CITY MEDICAL CENTER, EMERGENCY MEDICAL ASSOCIATES, JOHN DOES 6-10 AND ABC GROUPS (Fictitiously named defendants),<br><br>    Defendants. | Civil Action No.: 2:12-cv-4270 (SRC)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on Plaintiff Michael Oyedeji's ("Plaintiff") motion to compel the disclosure of documents from Defendant Hudson County Correctional Center ("HCCC"). Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, Plaintiff seeks to compel HCCC to disclose roster documents and classification documents of inmates assigned to the HCCC infirmary, as well as a contract between HCCC and MAST Construction ("MAST") pertaining to renovations at HCCC. The Court declined to hear oral argument pursuant to Rule 78 and, for the reasons set forth below, the Court grants Plaintiff's motion.

Plaintiff alleges that during his detention at HCCC, which began on September 8, 2011, he was evaluated by medical staff who determined that he required a cane and leg braces to walk and

1

had "special needs" with respect to his housing within the facility. (Am. Compl. ¶¶ 18-21, ECF No. 21.) HCCC's physician accordingly ordered that he be housed on a "lower level, bottom bunk" in order to accommodate his physical disability. (Id. ¶ 20.) Plaintiff further alleges that the doctor's order was ignored and he was instead housed on the upper tier of the facility, which forced him to ascend and descend stairs to reach the jail facilities such as the dining hall, recreational area, and law library. (Id. ¶¶ 22-23.) On September 29, 2011, while attempting to return to his cell after breakfast, Plaintiff suffered injuries as a result of falling down said stairs; he thereby endured "immense pain and suffering" and "is confined to a wheelchair[.]" (Id. ¶¶ 25-28.) Plaintiff then brought suit "alleging violations of his civil rights and requesting relief under the United States Constitution, Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the New Jersey Law Against Discrimination and the NJ Tort Claims Act[]" and seeking damages, costs, and attorney's fees. (Id. ¶¶ 1, 29-90.)

The instant motion concerns three discovery requests. Plaintiff seeks "[c]opies of roster documents showing the number of inmates/detainees assigned to the infirmary from September 8, 2011 to September 29, 2011[,]" as well as "[c]opies of classification records for each inmate/detainee assigned to the infirmary from September 8, 2011 to September 29, 2011." (Motion, at 2-3, Ex. B, ECF Nos. 86-1 and 86-3.) Plaintiff contends that the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") presents no bar to such disclosures and emphasizes that the items sought are relevant and discoverable because they bear on the facility's assessment and placement of Plaintiff during the period at issue. Plaintiff also stresses that the items can be redacted or otherwise disclosed in a manner that protects anonymity of other HCCC resident patients. HCCC counters that it has already disclosed the items sought, while Plaintiff maintains that such production has been deficient.

Plaintiff further requests "HCCC's records pertaining to the construction history of the HCC facility[,]" i.e., "the contract for construction of the Hudson County jail and all subsequent alterations including, but not limited to, the renovation done by MAST Construction in the early 2000s." Plaintiff seeks such information because it relates to the ADA's treatment of construction and alterations and the duties that the Act places on facilities such as HCCC. Plaintiff contends that the "[r]equested discovery is integral to [P]laintiff in terms of showing the 2007 construction constituted 'alterations' and not 'normal maintenance.'" Plaintiff does not request "the blue prints, air duct schemes, boiler room layout or other documentation for the facility which could facilitate an escape rather [P]laintiff simply requests the contracts to show the 2007 construction constitutes an alteration." HCCC characterizes this request as "vague, ambiguous, overly broad, and burdensome."

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "parties may obtain discovery of any non-privileged matter that is relevant to the party's claim or defense" and the Court may order discovery of any matter relevant to the subject matter involved in the action," although "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See also Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000); Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000). "Courts have construed [Rule 26] liberally, creating a broad vista for discovery." Takacs v. Union County, 2009 WL 3048471, at *1 (D.N.J. 2009) (citing Tele–Radio Sys. Ltd. v. DeForest Elecs., Inc., 92 F.R.D. 371, 375 (D.N.J. 1981)); see also Kopacz v. Del. River and Bay Auth., 225 F.R.D. 494, 496 (D.N.J. 2004) (Discovery encompasses "any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case.").

"When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable." <u>Robinson v. Horizon Blue Cross-Blue Shield of New Jersey</u>, 2013 WL 6858956, at *2 (D.N.J. Dec. 23, 2013) aff'd 2014 WL 3573339 (D.N.J. July 21, 2014) (quoting <u>Kannaday v. Ball</u>, 2013 WL 1367055 at 2 (D.Kan. 2013)); <u>Tele–Radio Sys.</u>, 92 F.R.D. at 375 ("The party resisting discovery has the burden of clarifying and explaining its objections to provide support therefor."). Importantly, Rule 26(b)(2)(C) requires the Court to "limit the frequency or extent of discovery otherwise allowed" upon consideration of such factors as whether "the discovery sought is unreasonably cumulative or duplicative" and whether "the burden or expense of the proposed discovery outweighs its likely benefit[.]" <u>See</u> <u>also</u> <u>Bayer AG v. Betachem, Inc.</u>, 173 F.3d 188, 191 (3d Cir. 1999) ("Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." (citations omitted)).

First, the Court agrees with Plaintiff that HIPAA does not foreclose the discovery sought here. <u>See</u> 45 C.F.R. § 164.512(e)(1)(i); <u>Barnes v. Glennon</u>, 2006 WL 2811821, n.6 (N.D.N.Y. Sept. 28, 2006) ("HIPAA unequivocally permits health care providers and other covered entities to disclose protected health information without the consent of the patient in the context of judicial proceedings."). The Court further finds that the discovery sought is plainly relevant and discoverable because, for example, the assignment and classification records bear on issues such as HCCC capacity and assignment decisions. Indeed, HCCC claims that it already partially provided responsive disclosures (though Plaintiff disputes this). The Court therefore orders HCCC to respond in full to the assignment and classification records requests at issue.

The ADA places varying obligations on covered entities based on the timing and nature of renovations or alterations performed on such an entity. 28 C.F.R. § 36.402; <u>Kinney v. Yerusalim</u>,

4

812 F. Supp. 547, 550-53 (E.D. Pa. 1993) (analyzing duties of covered entity in light of applicable statutes, regulations, and case law). The construction contracts at issue here are relevant and discoverable because they bear directly on whether prior renovations or alterations complied with the ADA. The documents also relate to whether and to what extent such construction or compliance brought about the harm allegedly suffered by Plaintiff. And while the documents may be voluminous, any burden in production is minimized by the fact that Plaintiff does not seek blueprints or related documentation. Moreover, HCCC fails to argue with particularity as to security concerns or Plaintiff's purportedly vague, ambiguous, or overly broad requests. See Harding v. Dana Transp., Inc., 914 F. Supp. 1084, 1102 (D.N.J. 1996) ("In light of the broad construction given to discovery requests, the objecting party has a heavy burden to show why discovery should be denied."). The Court therefore orders HCCC to respond to the request for construction contracts.

      **ACCORDINGLY, IT IS** on this 28th day of September, 2015,

      **ORDERED** that the motion is **GRANTED**; and

      **ORDERED** that the Clerk shall terminate ECF No. 86.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**