**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————————
                             :

MICHAEL OYEDEJI,             :

                             :

       Plaintiff,            :     Civil Action No. 12-4270 (SRC)

                             :

              v.            :

                             :     **OPINION & ORDER**

HUDSON COUNTY et al.,     :

                             :

       Defendants.        :
———————————————————————:

**CHESLER, U.S.D.J.**

     This matter comes before the Court on two motions: 1) the motion to bar Dr. James A. Charles from testifying as to liability, by Defendants Susan O'Brien, D.O. ("O'Brien") and Emergency Medical Associates (collectively, "Defendants"); and 2) Defendants' motion for partial summary judgment on the claim for punitive damages against them. For the reasons stated below, the motion to bar testimony will be denied in part and granted in part, and the motion for partial summary judgment is unopposed and will be granted.

     This case arises from allegations of medical negligence in the care received by Plaintiff. As to the motion to bar the testimony of Dr. Charles, Defendants argue that Dr. Charles is not a specialist in the area of medicine in which malpractice has been alleged, and thus his testimony on the standard of care is barred by N.J. Stat. Ann. § 2A:53A-41. Plaintiff does not oppose the motion, as long as the preclusion is limited to testimony as to the standard of care applicable to O'Brien's alleged medical malpractice. Similarly, Defendants Oscar Aviles and Hudson County do not oppose the motion, but expressed concerns that Dr. Charles be allowed to testify as to proximate causation of Plaintiff's injury. Defendants Liberty Healthcare System, Inc. ("LHS")

and Jersey City Medical Center also do not oppose the motion, and express concerns about testimony on proximate causation.

The parties thus are in agreement that Dr. Charles is barred from testifying on the standard of care applicable to O'Brien's alleged medical malpractice. As LHS contends, however, Dr. Charles may still testify, though no party has precisely defined the boundary line. It appears that the line may be drawn as follows: Dr. Charles may give expert testimony, but he may not opine directly or indirectly about the care Dr. O'Brien provided, or should have provided, to Plaintiff.

Defendants move for partial summary judgment on the claim for punitive damages against them. Plaintiff, in response, states that this motion is unopposed, and it will be granted.

For the reasons above,

**IT IS** on this 22nd day of February, 2016,

**ORDERED** that the motion to bar Dr. James A. Charles from testifying (Docket Entry No. 100) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Dr. Charles may give expert testimony at trial, but he may not opine directly or indirectly about the care Dr. O'Brien provided, or should have provided, to Plaintiff; and it is further

**ORDERED** that Defendants' motion for partial summary judgment on the claim for punitive damages against them (Docket Entry No. 101) is **GRANTED**; and all punitive damages claims against Defendants O'Brien and Emergency Medical Associates are hereby **DISMISSED** with prejudice.

                                   s/ Stanley R. Chesler    
                                  Stanley R. Chesler, U.S.D.J.