<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL OYEDEJI,<br><br>    Plaintiff,<br><br>        v.<br><br>HUDSON COUNTY et al.,<br><br>    Defendants. | Civil Action No. 12-4270 (SRC)<br><br>**OPINION & ORDER** |

**<u>CHESLER</u>, <u>U.S.D.J.</u>**

This matter comes before the Court on the motion to dismiss the Third Party Complaint ("TPC") for failure to provide an affidavit of merit by Defendant/Third Party Defendant Emergency Medical Associates ("EMA"). For the reasons stated below, the motion will be granted.

Defendants/Third Party Plaintiffs Hudson County, Hudson County Correctional Center, and Oscar Aviles (collectively, the "Hudson TPPs") filed a Third Party Complaint against Third Party Defendants, Susan O'Brien, D.O., Emergency Medical Associates and Jersey City Medical Center. EMA now moves to dismiss the TPC against it for failure to provide an affidavit of merit.

EMA argues that the Third Party Complaint should be dismissed against it because Third Party Plaintiffs failed to file the affidavit of merit required by N.J. Stat. Ann. § 2A:53A-27. The docket shows that, on November 15, 2013, the Third Party Plaintiffs filed an affidavit of merit by Dr. Sixsmith, stating that the care provided to Plaintiff by Defendants Susan O'Brien, D.O. and Jersey City Medical Center fell outside of acceptable professional standards. The affidavit made

no reference to EMA.

In opposition, the Hudson TPPs first argue that the statute does not require that the affidavit of merit identify a defendant by name, citing the decision of the Appellate Division in Medeiros v. O'Donnell & Naccarato, Inc., 347 N.J. Super. 536, 540 (N.J. Super. Ct. App. Div. 2002). The problem for the Hudson TPPs is that, in Medeiros, the court found that it was sufficient that the affidavit of merit identify the single defendant by a description. Id. at 542. In the instant case, in contrast, there are multiple defendants, and the affidavit of merit contains nothing from which this Court could infer that Dr. Sixsmith meant for it to assert that Emergency Medical Associates had been negligent in the treatment of Plaintiff. The affidavit of merit neither names nor otherwise describes EMA.

The Hudson TPPs failed to file the affidavit of merit required by N.J. Stat. Ann. § 2A:53A-27 against Defendant Emergency Medical Associates. As to Emergency Medical Associates only, the motion to dismiss will be granted, and the Third Party Complaint against Defendant Emergency Medical Associates will be dismissed with prejudice.

For the reasons above,

**IT IS** on this 4th day of May, 2016,

**ORDERED** that EMA's motion to dismiss for failure to provide an affidavit of merit (Docket Entry No. 113) is **GRANTED**; and, as to Defendant Emergency Medical Associates only, the Third Party Complaint is **DISMISSED** with prejudice.

                                             s/ Stanley R. Chesler
                                             Stanley R. Chesler, U.S.D.J.